IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MORELLO | No. C 11-6623 SI |
| Plaintiff, | **ORDER DENYING MOTION TO REMAND** |
| v. | |
| AMCO INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff's motion to remand is scheduled for a hearing on March 2, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES plaintiff's motion.

**BACKGROUND**

On November 22, 2011, plaintiff George Morello filed this lawsuit against defendant Amco Insurance Company in San Mateo County Superior Court. The complaint alleges that on or about March 26, 2008, an individual named Melvin Ralph Sandorff "was operating his Alfa Spider sports car, in an intoxicated state, drinking a beer simultaneously, in a westerly direction upon Second Avenue [in San Mateo], so as to proximately cause his motor vehicle to collide with MORELLO, who was riding in a motorized wheelchair, throwing MORELLO violently to the pavement, causing MORELLO to suffer severe head and bodily injuries." Compl. ¶ 16.

On November 12, 2008, plaintiff filed a complaint for damages against Sandorff in state court, and on the same day, plaintiff advised Amco that Sandorff's policy limits were insufficient to cover his

damages and that plaintiff sought to open a claim under his underinsured motorist coverage ("UIM"). *Id*. ¶¶ 19-20. On November 18, 2008, Amco opened up a UIM claim. *Id*. ¶ 21. On October 15, 2009, plaintiff and Sandorff settled plaintiff's personal injury lawsuit, and plaintiff dismissed the lawsuit against Sandorff with prejudice. *Id*. ¶ 23.

This lawsuit alleges that Amco has unreasonably delayed in handling plaintiff's UIM claim. The complaint alleges, *inter alia*, that plaintiff executed medical authorizations to allow Amco to obtain plaintiff's medical records and that "[d]espite having all the relevant medical records and supporting documentation, AMCO made no payment under the policy and/or provided no reason as to why absolutely no benefits under MORELLO's UIM coverage had been offered." *Id*. ¶ 30. On April 13, 2011, approximately two and a half years after the UIM claim was opened, Amco transferred the claim to its litigation department. *Id*. ¶ 32. The complaint alleges that "[a]fter several months of silence from AMCO, MORELLO demanded UIM arbitration on July 20, 2011." *Id*. ¶ 33. Amco did not provide plaintiff with an arbitration date or proposed arbitrators, and plaintiff filed a petition to compel arbitration in state court. *Id*. ¶¶ 34-35. The complaint alleges that on September 7, 2011, plaintiff and Amco met before a neutral in San Francisco and that Amco's claims examiner "appeared at the settlement discussion completely unprepared. He had not reviewed MORELLO's medical records, which were cited as the reason for AMCO's continued delay in adjusting the claim." *Id*. ¶ 37. Amco's attorney showed up at the settlement discussion two hours late. *Id*. ¶ 38. The complaint alleges that the parties did not execute a confidentiality agreement. *Id*. According to the complaint, at that meeting Amco "contended that 'paraplegics cannot feel pain.'" *Id*. ¶ 39.

The complaint alleges claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligent infliction of emotional distress, intentional infliction of emotional distress, unfair business practice, and a violation of the California Unruh Civil Rights Act, Cal. Civ. Code § 51.

On December 21, 2011, Amco timely removed this lawsuit to this Court, asserting diversity jurisdiction as the basis of removal. The complaint alleges that plaintiff is a resident of California, that Amco maintains its principal place of business in Des Moines, Iowa, and that Amco has offices and transacts business in California. Compl. ¶¶ 1, 3-4. Now before the Court is plaintiff's motion to remand.

2

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and a cause of action is presumed to lie outside this limited jurisdiction until the party asserting jurisdiction establishes the contrary. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action from state court if it could have originally been brought in federal court. 28 U.S.C. § 1441. The defendant has the burden of establishing that removal is proper. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).

## DISCUSSION

Plaintiff does not dispute that the amount in controversy exceeds $75,000, and thus the sole issue presented by plaintiff's motion is whether the parties are diverse. Plaintiff contends that Amco is a citizen of California because Amco conducts business in California and has a Pacific Coast regional office in Sacramento, California. Defendant contends that Amco is a citizen of Iowa because Amco is incorporated in Iowa and has its corporate headquarters and principal place of business in Des Moines, Iowa.

The federal diversity jurisdictions statute states that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). In *Hertz Corporation v. Friend*, 130 S. Ct. 1181 (2010), the Supreme Court held that the phrase "principal place of business," referred to in case law as the corporation's "nerve center," is "the place where the corporation's high level officers direct, control and coordinate the corporation's activities." *Id*. at 1186.[1] "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion." *Id*. at 1192.

---

[1] In so holding, the Supreme Court resolved a conflict between the circuits in the application of the test for corporate citizenship. *Id*. at 1187 (describing differences). Much of the parties' briefing discusses the "substantial predominance" place of operations test set forth in *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001) (per curiam), which was *abrogated by Hertz Corp*., 131 S. Ct. at 1186.

3

The Court concludes that Amco has met its burden of establishing diversity jurisdiction. Amco has submitted the declaration of Carrie Ann Hall, the Associate Vice President and Assistant Secretary of Amco. Ms. Hall states that Amco is incorporated in Iowa, that its corporate headquarters and principal office are located in Des Moines, Iowa, and that "substantially all corporate and general administration operations are performed by AMCO at its principal place of business in Iowa." Hall Decl. ¶¶ 3-4. Plaintiff does not dispute that Amco's headquarters are located in Iowa, nor does plaintiff contend that Amco's "nerve center" is located in California. On this record, the Court concludes that Amco is a citizen of Iowa, and thus that the parties are diverse.

Accordingly, the Court DENIES plaintiff's motion to remand and DENIES plaintiff's request for attorneys' fees.

**CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion to remand. Docket No.12.

**IT IS SO ORDERED.**

Dated: February 27, 2012

SUSAN ILLSTON
United States District Judge

4