IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MORELLO, | No. C 11-6623 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS** |
| v. | |
| AMCO INSURANCE CO, | |
| Defendant. | |

Defendant's motion to stay this case is currently scheduled for hearing on June 1, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. The Court also VACATES the June 1, 2012 case management conference. For the reasons set forth below, the Court hereby GRANTS defendant's motion to stay the proceedings.

**BACKGROUND**

On November 22, 2011, plaintiff George Morello filed this lawsuit against defendant Amco Insurance Company in San Mateo County Superior Court. The complaint alleges that on or about March 26, 2008, an individual named Melvin Ralph Sandorff "was operating his Alfa Spider sports car, in an intoxicated state, drinking a beer simultaneously, in a westerly direction upon Second Avenue [in San Mateo], so as to proximately cause his motor vehicle to collide with MORELLO, who was riding

in a motorized wheelchair, throwing MORELLO violently to the pavement, causing MORELLO to suffer severe head and bodily injuries." Compl. ¶ 16.

On November 12, 2008, plaintiff filed a complaint for damages against Sandorff in state court, and on the same day, plaintiff advised Amco that Sandorff's policy limits were insufficient to cover his damages and that plaintiff sought to open a claim under his underinsured motorist coverage ("UIM"). *Id*. ¶¶ 19-20. On November 18, 2008, Amco opened a UIM claim. *Id*. ¶ 21. On October 15, 2009, plaintiff and Sandorff settled plaintiff's personal injury lawsuit, and plaintiff dismissed the lawsuit against Sandorff with prejudice. *Id*. ¶ 23.

This lawsuit alleges that Amco has unreasonably delayed in handling plaintiff's UIM claim. The complaint alleges, *inter alia*, that plaintiff executed medical authorizations to allow Amco to obtain plaintiff's medical records and that "[d]espite having all the relevant medical records and supporting documentation, AMCO made no payment under the policy and/or provided no reason as to why absolutely no benefits under MORELLO's UIM coverage had been offered." *Id*. ¶ 30. On April 13, 2011, approximately two and a half years after the UIM claim was opened, Amco transferred the claim to its litigation department. *Id*. ¶ 32. The complaint alleges that "[a]fter several months of silence from AMCO, MORELLO demanded UIM arbitration on July 20, 2011." *Id*. ¶ 33. Amco did not provide plaintiff with an arbitration date or proposed arbitrators, and plaintiff filed a petition to compel arbitration in state court. *Id*. ¶¶ 34-35. The complaint alleges that on September 7, 2011, plaintiff and Amco met before a neutral in San Francisco and that Amco's claims examiner "appeared at the settlement discussion completely unprepared. He had not reviewed MORELLO's medical records, which were cited as the reason for AMCO's continued delay in adjusting the claim." *Id*. ¶ 37. Amco's attorney showed up at the settlement discussion two hours late. *Id*. ¶ 38. The complaint alleges that the parties did not execute a confidentiality agreement. *Id*. According to the complaint, at that meeting Amco "contended that 'paraplegics cannot feel pain.'" *Id*. ¶ 39.

The complaint alleges claims for breach of contract, breach of the implied covenant of good faith and fair dealing, negligent infliction of emotional distress, intentional infliction of emotional distress, unfair business practice, and a violation of the California Unruh Civil Rights Act, Cal. Civ. Code § 51.

On December 21, 2011, Amco timely removed this lawsuit to this Court, asserting diversity jurisdiction as the basis of removal.

**DISCUSSION**

Defendant moves to stay this case until the UIM arbitration is completed, arguing that the "viability of every issue in this case depends on the outcome of the arbitration." Motion at 9:9. Plaintiff opposes the motion, contending that it is within this Court's discretion to allow the litigation to proceed, and that any delay will severely prejudice the plaintiff.

Under the Federal Arbitration Act, "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3. The language of this section is "mandatory and it compels a court to stay litigation of issues that are reserved for arbitration." *Countrywide Home Loans v. Mortgage Guar. Ins. Co.*, No. C 10–00233 JSW, 2011 WL 4948538, *2 (N.D. Cal. Oct. 18, 2011). "Where some issues are subject to arbitration and others are not, the trial court has the discretion to stay the balance of the proceedings pending arbitration." *Id.* (citing *Mediterranean Enter., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)). Likewise, under California law a court must abstain from proceeding on issues that are the subject of ongoing arbitration, but "if the issue which is the controversy subject to arbitration is severable, the stay may be with respect to that issue only." Cal. Civ. Proc. Code § 1281.4.

The Court concludes that it is in the interest of judicial efficiency to stay this action until the resolution of the UIM arbitration. Plaintiff does not dispute that the breach of contract claim, which seeks UIM benefits, involves the same issues that will be arbitrated.[1] However, plaintiff asserts that the tort claims, which relate to defendant's handling of the UIM claim, will not be addressed in arbitration. While plaintiff's non-contractual claims involve issues that are outside the scope of the arbitration, the

---

[1] The parties appear to disagree about the preclusive effect of the arbitration on this litigation. The Court need not resolve that question at this time, and the Court will address this question if necessary after the arbitrator issues a decision.

3

Court finds that whether and to what extent plaintiff is entitled to UIM benefits will affect, *inter alia*, plaintiff's claims for breach of the implied covenant of good faith and fair dealing, infliction of emotional distress, and for unfair business practices. *See Jordan v. Allstate Ins. Co.*, 148 Cal. App. 4th 1062, 1078 (2007) ("[I]n order for Jordan to recover on her remaining claim of bad faith, it will be necessary for her to first establish a basis for coverage."); *see also* Compl. ¶ 70 (alleging intentional infliction of emotional distress based on defendants' "ordinary business practice designed to keep from paying Policy benefits which were and are legitimately owed to the Plaintiff . . ."); *id.* ¶ 74 (alleging unfair business practices based on defendants' "misrepresent[ation] that they would act in good faith with respect to the subject contract that they entered into with the Plaintiff.").

The Court is sympathetic to plaintiff's desire to move forward with this litigation. In light of the fact that arbitration was first initiated in July 2011, and that, according to plaintiff's papers, the arbitration has tentatively been scheduled for September 2012, the Court does not expect that the stay will be lengthy.[2] Once the stay is lifted, the Court will work with the parties to set an expeditious discovery and pretrial schedule.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to stay. Docket No. 28. The parties shall promptly notify the Court when the arbitrator has issued a decision.

**IT IS SO ORDERED.**

Dated: May 29, 2012

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[2] In the event arbitration is significantly delayed, plaintiff can move to lift the stay.

4