UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MORELLO,<br><br>    Plaintiff,<br><br>    v.<br><br>AMCO INSURANCE COMPANY,<br><br>    Defendant. | Case No. 11-cv-06623-WHO<br><br>**ORDER GRANTING IN PART AND DENYNG IN PART MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 90 |

## INTRODUCTION

Plaintiff George Morello wants to amend his complaint to add a request for treble damages under California Civil Code section 3345 and to name two new defendants, Nationwide Mutual Insurance Company and Allied Insurance Company. His lawyer was not diligent in seeking either amendment. Because there is no prejudice to defendant AMCO Insurance Company if Morello adds Section 3345, and because Federal Rule of Civil Procedure 54(c) provides that a judgment should grant all relief to which a party is entitled, even if the party has not demanded the relief in its pleadings, I will GRANT Morello's request to add section 3345. But because Morello's lack of diligence has prejudiced Nationwide and Allied, I will DENY Morello's request to add new defendants at this late juncture in the case.[1]

## BACKGROUND

### I. FACTUAL BACKGROUND

Morello obtained a comprehensive auto insurance policy from AMCO, effective

---

[1] Morello also seeks leave to add the word "fees" to paragraph 86 of the complaint where it was inadvertently omitted from the phrase "attorney's fees": " . . . along with civil remedies and attorneys [fees], as set forth under the Unruh Act . . . ." AMCO does not oppose. This request is GRANTED.

November 1, 2007 through November 1, 2008. Compl. ¶ 10 [Dkt. No. 1]. The policy provided Morello up to $500,000.00 in Uninsured/Underinsured Motorist Bodily Injury Coverage for each accident. Compl. ¶ 12.

On March 26, 2008, Morello, who is quadriplegic, was hit by a drunk driver while crossing a street in his motorized wheelchair. According to his complaint:

> Morello was violently struck as a result of the collision of an automobile with his motorized wheelchair; his wheelchair was flipped over and his head and body struck the side of his wheelchair and pavement. His head struck the pavement with such force that first responders found him in an altered Slate of consciousness. Due to his status as a quadriplegic, he was unable to use his arms to break his fall or otherwise protect him from violent contact with the roadway and wheelchair, as it flipped over and onto him. As a result of the collision, Morello suffered, *inter alia,* and continues to suffer from traumatic brain injury, post traumatic stress disorder, hip and back injuries, increased spasticity of the muscles of his body, abrasions which do not heel, and a multitude of other body injuries, which have significantly impaired his ability to function and caused him severe suffering, pain and emotional trauma and aggravated the residuals of quadriplegia.

Compl. ¶ 18.

On November 12, 2008, Morello advised AMCO that the drunk driver's policy limits were insufficient to cover Morello's damages and that he sought to open a claim under his underinsured motorist coverage. When AMCO refused to pay, Morello demanded arbitration. The arbitrator found in favor of Morello and that he had suffered $2,083,879.40 in damages. However, because of policy limits and credits, the arbitrator only awarded Morello $485,000. AMCO has since paid that amount.

Morello filed this suit in November 2011, while the arbitration proceeding was pending, alleging causes of action for breach of contract, bad faith, unfair business practices, violation of the Unruh Act and other torts. Morello contends that AMCO's bad faith handling of his claim entitles him to damages beyond the $500,000 policy limit.

Morello now seeks to add a request for treble damages under California Civil Code § 3345, which authorizes treble damages to redress unfair business practices in suits brought on behalf of senior or disabled persons. Morello also seeks to add Nationwide and Allied as defendants to all claims in the complaint. Morello claims that AMCO is owned by Nationwide.

Mot. at 3, 7. Morello claims that Nationwide also owns Allied and that "several employees who handled plaintiff's claim testified they worked for Allied." Mot. at 7. AMCO moved to dismiss, and I heard argument on April 16, 2014.

## II. PROCEDURAL BACKGROUND

Morello's complaint was filed in state court on November 15, 2011. It was removed to this Court on December 22, 2011. On May 29, 2012 the Court granted AMCO's motion to stay proceedings to allow the parties to conduct arbitration. Dkt. No. 33. The stay was lifted on October 26, 2012. Dkt. No. 35. The parties filed a joint case management statement in December 2012. Dkt. No. 38. In the section regarding amendment of pleadings, Morello stated, "Plaintiff plans to amend the pleadings to correct a typographical error with respect to the 13 subject insurance policy number. The complaint states that Plaintiff's subject insurance policy number is PPA0008888252-9. The policy number is actually PPA 0008901377-9." Morello said nothing about adding additional parties or prayers for relief in the case management statement.

Judge Tigar issued a scheduling order on May 28, 2013. Dkt. No. 63. The order set a fact discovery cut-off of September 13, 2013 and expert discovery cut-off of October 31, 2013. The order also stated, "The court does not anticipate further amendment of the pleadings." Pursuant to the parties' stipulation, on October 1, 2013, the discovery cut-off was extended until January 10, 2014 and the expert cut-off until February 28, 2014. Dkt. No. 84. There was no discussion of amendment of pleadings in the stipulated order. Dispositive motions were due April 16, 2014. *Id*. Trial is set for August 11, 2014. *Id*.

### LEGAL STANDARD

A party may amend its pleading with the opposing party's written consent or the court's leave, though the court "should freely give leave when justice so requires." Fed. R. Civ. Pro. 15. Leave to amend should be freely given absent "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

1  "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a
2  presumption under Rule 15(a) in favor of granting leave to amend." *Id.* (original emphasis).
3        Leave to amend pleadings after the date set for amendment in a scheduling
4  order is governed by Federal Rule of Civil Procedure 16(b) and requires a showing of good cause.
5  *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("Once the district
6  court had filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which
7  established a timetable for amending pleadings[,] that rule's standards controlled.").
8  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the
9  amendment . . . . If that party was not diligent, the inquiry should end." *Id.* at 609 (citation
10 omitted).  Although the focus of the inquiry is upon the moving party's diligence and
11 reasons for seeking the modification, "the existence or degree of prejudice to the party opposing
12 the modification might supply additional reasons to deny a motion." *Id.*

### DISCUSSION

### I. THE DEADLINE FOR AMENDMENT OF PLEADINGS

      The parties dispute whether the deadline for amendment of pleadings has passed.  If it has, as AMCO argues, then leave to amend should only be granted for good cause, under Federal Rule of Civil Procedure 16(b).  If the deadline has not passed, as Morello argues, then the more liberal standard in Rule 15 applies, under which the Court "should freely give leave when justice so requires."

      Judge Tigar's May 2013 order stated that "[t]he court does not anticipate further amendment of the pleadings."  Dkt. No. 63.  The order followed the parties' December 2012 joint case management statement in which Morello stated that he intended to amend the complaint to correct a typographical error, but said nothing about amending the pleadings to add parties or prayers for relief.

      Given that Morello did not state an intention to amend the pleadings in any substantive manner, Judge Tigar's order, 12 months after the complaint was filed (excluding the 6 months the case was stayed), may reasonably be read as implying that the time for amending pleadings had passed.  But the order did not state so explicitly and Morello should not be held to a somewhat

4

ambiguous deadline. I therefore weigh bad faith, delay, prejudice and futility of amendment in considering Morello's requests.

## II. REQUEST FOR DAMAGES UNDER CALIFORNIA CIVIL CODE SECTION 3345

AMCO argues that Morello's motion to add a request under Civil Code section 3345[2] should be denied because "Morello possessed information prior to filing the complaint in this case to substantiate his disability and classification as a disabled person under the statute" and therefore he cannot show diligence. Opp. at 5-6. As AMCO notes, "Morello expressly plead [sic] in his

---

[2] California Civil Code Section 3345 applies in actions brought by "senior citizens or disabled persons . . . to redress unfair or deceptive acts or practices or unfair methods of competition." Cal. Civ. Code § 3345(a). It provides:

> Whenever a trier of fact is authorized by a statute to impose either a fine, or a civil penalty or other penalty, or any other remedy the purpose or effect of which is to punish or deter, and the amount of the fine, penalty, or other remedy is subject to the trier of fact's discretion, the trier of fact shall consider all of the following factors, in addition to other appropriate factors, in determining the amount of fine, civil penalty or other penalty, or other remedy to impose. Whenever the trier of fact makes an affirmative finding in regard to one or more of the following factors, *it may impose a fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than authorized by the statute*, *or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding:*
>
> > (1) Whether the defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons.
> >
> > (2) Whether the defendant's conduct caused one or more senior citizens or disabled persons to suffer: loss or encumbrance of a primary residence, principal employment, or source of income; substantial loss of property set aside for retirement, or for personal or family care and maintenance; or substantial loss of payments received under a pension or retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person.
> >
> > (3) Whether one or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct.

Cal. Civ. Code § 3345(b) (emphasis added).

5

complaint that at the time AMCO adjusted his Claim AMCO was aware of his disability and discriminated against him in an attempt to take advantage of his disability." Mot. at 6 (citing Compl. ¶¶ 56, 83.

Morello's counsel was not diligent in seeking leave to add a request for treble damages. But AMCO does not argue that it will be prejudiced by adding a request for damages under section 3345. Indeed, the factors relevant to Section 3345, including AMCO's knowledge that Morello is disabled and whether its alleged conduct harmed Morello, do not require additional discovery (and Morello has not requested any). Morello merely "seeks to add a statutorily provided claim for relief based solely upon causes of action in claims for relief contained in the original Complaint." *Ross v. Pioneer Life Ins. Co.*, 545 F. Supp. 2d 1061, 1065 (C.D. Cal. 2008) (allowing amendment to add claim for relief under section 3345 after discovery cut-off and two months prior to trial). Since AMCO is not prejudiced and since there was some ambiguity regarding the deadline for amendment of pleadings, as noted above, Morello may amend his complaint to add a request for damages under section 3345.

Furthermore, Federal Rule of Civil Procedure 54(c) provides that a judgment shall grant a party the relief to which it is entitled, "even if the party has not demanded that relief in its pleadings."[3] Accordingly, Morello's failure to list Section 3345 in his complaint does not preclude him from seeking damages authorized by that statute.[4] *Cf Robinson v. Delgado*, 2010 WL 1838866, *3 (N.D. Cal. May 3, 2010) (plaintiff was entitled to seek punitive damages at trial even though they were not specifically requested in operative complaint); *Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D. 192, 202 (N.D. Cal. 2012) (plaintiffs could seek certification of an

---

[3] Rule 54(c) states:

> A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. *Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.*

(emphasis added).

[4] I express no opinion regarding whether Morello is in fact entitled to Section 3345 damages. I note only that his failure to request them in his complaint does not preclude him from seeking those damages.

6

injunctive relief class even though operative complaint only sought declaratory relief).  Since Morello may be entitled to Section 3345 damages whether or not they were specifically requested in his complaint, his lack of diligence in adding them to the complaint previously is beside the point.  I will not penalize Morello for the lack of diligence of his counsel and will GRANT Morello's request to add a request for relief under section 3345.

### III. REQUEST TO ADD NATIONWIDE AND ALLIANCE AS DEFENDANTS

AMCO argues that Morello was not only not diligent in moving to add Nationwide and Allied as defendants but also that adding them at this stage would be prejudicial.  I agree and DENY Morello's request to add Nationwide and Allied as defendants.

Morello deposed AMCO representatives in April 2013.  Bradley Baumann testified that "AMCO is one of many insurance companies owned by Nationwide. Nationwide was my employer though."  Cohen Decl. ¶ 3, Ex. 5 at 33:23-34:4.  Another deponent, Gina Malone, testified that she started with Allied and that Allied is a subsidiary of Nationwide.  Cohen Decl. ¶ 3, Ex. 6 at 23:3-8.

Morello does not explain why he waited nearly a year after those depositions to file his motion to add Nationwide and Allied as defendants.  He does not argue that he did not know of the relationship between AMCO and the proposed defendants until more recently.  Indeed, he cites the April 2013 depositions to demonstrate how "interchangeable" AMCO and the proposed defendants are.  Reply at 5 ("The deposition portions of Bradley Baumann's deposition submitted in the Declaration of Allan Cohen Exhibit 5, which AMCO cites on pages 16-17, lines 21-4 of the deposition show how these companies are seemingly interchangeable.").

Morello contends that Nationwide and Allied "will not suffer any prejudice as their interests are identical to AMCO."  AMCO disagrees, claiming that Nationwide and Allied are non-parties to Morello's insurance policy and cannot be liable.  AMCO also states that Nationwide and Allied would have moved for summary judgment if they had been included in the original complaint, but they cannot do so now because discovery has closed and the deadline for filing dispositive motions is April 16, 2014, the same day as the hearing on this motion.

I cannot determine on this record whether Nationwide's and Allied's interests are identical

to AMCO.  But Nationwide's and Allied's liability would likely have been addressed through discovery and on dispositive motions if Morello had proceeded in a timely way.  Since it is too late to do that, Nationwide and Allied would be prejudiced by being added to this action at this late stage.  I DENY Morello's motion to add Nationwide and Financial as defendants.

## CONCLUSION

Morello's motion is GRANTED in part and DENIED in part.  The complaint may be amended to seek damages under California Civil Code section 3345 and to add the word "fees" after the word "attorneys" in paragraph 86 (line 25) of the complaint.  Nationwide and Allied may not be added as defendants.  Morello shall file the amended complaint within 14 days of this order.

**IT IS SO ORDERED**.

Dated: April 23, 2014

WILLIAM H. ORRICK
United States District Judge