UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MORELLO,<br><br>  Plaintiff,<br><br>  v.<br><br>AMCO INSURANCE COMPANY,<br><br>  Defendant. | Case No. 11-cv-06623-WHO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 132 |

## INTRODUCTION

I granted summary judgment against plaintiff George Morello on May 29, 2014. He now seeks reconsideration of my order. But he offers no new evidence, identifies no intervening change in controlling law, and points to no legal error in the order. This matter is suitable for decision without a hearing. The hearing date is VACATED and the motion for reconsideration is DENIED.

## BACKGROUND

Morello, who is quadriplegic, was hit by a drunk driver while crossing a street in his wheelchair. He filed an underinsured motorist claim with his insurance company, AMCO. He alleges that AMCO handled his underinsured motorist claim in bad faith because it unreasonably determined that any future medical care he required was due to his pre-existing quadriplegia, rather than the accident. AMCO moved for summary judgment on April 15, 2014. Dkt. No. 101. Morello filed an opposition to AMCO's motion on April 29, 2014. Dkt. No. 105. The parties appeared for oral argument on May 21, 2014. I issued an order granting AMCO's motion for summary judgment on May 29, 2014. Dkt. No. 129 (the "Order").

**LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) permits a district court to reconsider and amend a previous order, but the Rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal punctuation and citation omitted). Absent highly unusual circumstances, a district court should only grant a Rule 59(e) motion for reconsideration if (i) it has been presented with newly discovered evidence, (ii) it committed clear error, or (iii) there is an intervening change in the controlling law. *Id*. (citation omitted).

**DISCUSSION**

Morello requests that I reconsider the order granting AMCO's motion for summary judgment on the grounds that (i) I "used an erroneous standard for summary judgment"; (ii) "decisions that have come down within the last two months support plaintiff's position", and (iii) I improperly acted as a trier of fact. In his Reply Brief he added arguments that I denied him due process. None of these arguments has merit.

**I.   THE COURT DID NOT APPLY AN ERRONEOUS STANDARD FOR SUMMARY JUDGMENT**

Morello contends that I misapplied the summary judgment standard. However, his brief makes clear that his real grievance is my finding that there was no evidence from which a jury could reasonably conclude that AMCO's conduct was not reasonable. *See* Mot. at 5-7. Morello contends that the "primary basis" for my decision was:

- Morello's failure to respond to AMCO's requests for an interview;
- Morello's "long delay" in providing the medical authorizations;
- Morello's delay in submitting to an IME [independent medical examination];
- Morello providing three expert reports days before the arbitration.

Mot. at 5. Morello argues that "[t]hese are all conclusory statements that a trier of fact must evaluate in the context of the claims in the case." *Id*.

Morello mischaracterizes the Order. I did not state that the referenced conduct was a "primary basis" for my decision. Rather, in addressing Morello's argument that AMCO was not

"prejudiced" by Morello's delay, I explained that "[t]he question is whether AMCO's investigation was reasonable in light of all the circumstances, and the circumstances include" Morello's delay. Order at 13. Morello does not dispute that he failed to respond to AMCO's requests for an interview, delayed providing medical authorizations and submitting to an IME, and provided expert reports only three days before the arbitration. His disagreement with my view of the significance of those undisputed facts is not grounds for reconsideration.

## II. THERE ARE NO INTERVENING CHANGES OF LAW THAT WARRANT RECONSIDERATION

Morello contends that *Faulkner v. Wausau Business Ins. Co.*, 2014 WL 1647366 (9th Cir. April 25, 2014) and *Pyramid Technologies Inc. v. Hartford Casualty Ins. Co.*, 2014 WL 2086078 (9th Cir. May 19, 2014) warrant reconsideration of the Order. They do not. As an initial matter, both cases were issued before the Court heard oral argument on the motion for summary judgment on May 21, 2014, and therefore do not constitute *intervening* changes in controlling law. *See, e.g., Coleman v. Jenny Craig, Inc.*, 2014 WL 808658, *6 (S.D. Cal. Feb. 27, 2014) (for purposes of Rule 59(e), opinion is not intervening where it was entered before oral argument).

Secondly, neither case constitutes a *change* in controlling law. In *Faulkner*, which is marked NOT FOR PUBLICATION, the Ninth Circuit reversed summary judgment for the defendant, finding that a "reasonable jury could find that Wausau knowingly failed to undertake an investigation adequate to determine whether denying Faulkner's claim was tenable." *Faulkner*, 2014 WL 1647366, *1. Similarly, in *Pyramid Technologies* the Ninth Circuit reversed summary judgment for defendant, finding that "[t]here is evidence in the record supporting an inference that Hartford acted unreasonably or with bias." *Pyramid Technologies*, 2014 WL 2086078, *13. Neither *Faulkner* nor *Pyramid Technologies* involved intervening changes in controlling law; they merely applied the existing law to their specific facts.[1] That those cases had a different outcome than Morello's is not grounds for reconsideration. Nor, had those cases been presented in connection with AMCO's motion for summary judgment, would they have changed the result--

---

[1] In addition, *Faulker* involved a claim for insurance bad faith under *Arizona* law, not California law at issue here. *Faulkner*, 2014 WL 1647366, *1.

3

there are material distinctions between those cases and Morello's.

## III.   THE COURT DID NOT IMPERMISSIBLY ACT AS TRIER OF FACT

Morello argues that I impermissibly usurped the role of the jury as fact finder. But his motion for reconsideration rehashes the same arguments that he previously raised and that I rejected. Morello's disagreements with my conclusions are not grounds for reconsideration.

Morello's argument appears to stem from a key misunderstanding of the Order. The Order was not based on findings that he breached his contractual duty to cooperate with AMCO or that he unreasonably delayed responding to AMCO. Rather, I determined that Morello had not presented evidence from which a jury could reasonably conclude that *AMCO's* investigation was unreasonable. His conduct was only relevant to show that the timing of AMCO's investigation was reasonable in light of his delays, irrespective of whether his delays were reasonable or not.

For example, Morello again argues that AMCO was not prejudiced by Morello's delay in providing a statement or his medical records to AMCO. The underlying facts are not in dispute, and the issue is not whether AMCO was prejudiced. It is whether those facts are unimportant, as Morello suggests, or whether the timing and adequacy of AMCO's investigation was impacted by that delay.

Morello repeats his argument that Dr. Soong did not review Morello's complete medical records. I rejected this contention in the Order. Morello again fails to identify any evidence from which a jury could reasonably conclude that AMCO withheld any records from Dr. Soong.[2]

Morello contends that I improperly faulted Morello for providing his expert reports to AMCO only days before the arbitration, while I at the same time relied on Dr. Strassberg's report, which was provided to AMCO only six days before arbitration. Morello again misunderstands the issue. *He* argued that it was unreasonable for AMCO not to depose his experts. I rejected that contention, explaining that "[g]iven the last minute submission of these reports, AMCO's failure

---

[2] Morello presents no evidence to contradict AMCO's assertion that the records at issue are from two doctors (Doctors Aftonomos and Hong) who provided AMCO certificates stating that they did not have any of Morello's medical records. *See, e.g.,* Yee Decl. Ex. L, page 45 [Dkt. No. 101-4] (Dr. Soong's report stating that there were no records available from Doctors Aftonomos and Hong).

4

to depose them was not unreasonable." Order at 15. In contrast, Dr. Strassberg's report corroborated two prior medical opinions provided to AMCO that Morello did not require future medical care as a result of the accident. That report therefore supported the reasonableness of AMCO's conduct. The two prior reports (from Registered Nurse Powell and Dr. Soong) were provided to AMCO two and a half and one and a half years earlier, respectively, contradicting Morello's claim that I improperly "us[ed] hindsight to find AMCO's actions were reasonable." Mot. at 14.

Morello's other arguments likewise rehash arguments previously considered and rejected and do not warrant reconsideration. *See, e.g.,* Mot. at 17 (arguing that AMCO unreasonably failed to get ASIA Impairment Score as recommended by Nurse Powell); Order at 14 n.8 (rejecting same argument regarding ASIA Impairment Score).

## IV. THERE WAS NO DENIAL OF DUE PROCESS

Morello argues in his Reply Brief that before entering the Order I should have required AMCO to turn over discovery allegedly ordered by Magistrate Judge Spero and determine whether it was material. He also contends that I did not allow his counsel to argue Morello's motion for partial summary judgment. The facts fatally undermine these assertions.

Regarding the discovery, I explained in footnote 4 of the Order that Morello failed to indicate prior to entry of the Order that he thought there were any facts or records essential to the disposition of the motions for summary judgment that had not been submitted. Fed. R. Civ. P. 56(d). It is worth noting that defendants produced the letter and redacted page on which this argument is based on April 11, 2012, more than twenty five months before the hearing. Dkt. No. 138 (Coke Declaration, ¶ 5). Morello not only had time to compel production of the redacted page but also to bring its alleged relevance to my attention prior to the hearing. He waived his argument regarding discovery by failing to raise it timely. Moreover, his argument is based on a false premise. Contrary to Morello's representation, Judge Spero did not issue a substantive order regarding the allegedly missing discovery. Instead, he directed the parties on May 16, 2014, to sit down together in his jury room and reach agreement regarding their discovery documents. They eventually advised his clerk that they had resolved their disputes and left. Dkt. No. 117. Then on

1 May 29, 2014, eight days after oral argument, Morello submitted a letter to Judge *Spero* 2 concerning the agreement his counsel believes was reached with AMCO on May 16, 2014, that he 3 contends AMCO breached. Dkt. No. 128. Finally, his argument is speculative at best. Assuming 4 Judge Spero, after briefing by both parties, eventually determined that AMCO was obliged to 5 produce the document without redactions, there is still no showing that the document was 6 inconsistent with the evidence of record--indeed, the letter that accompanied the redacted page 7 does not suggest that AMCO intended to limit or obstruct Dr. Soong's review. Dkt. No. 138 8 (Coke Declaration, Exh. 3.)

9 The transcript of the oral argument establishes that I gave Morello's counsel most of the 29 10 minute hearing to make his case. Dkt. No. 125. I indicated in my tentative at the outset that I was 11 inclined to rule in favor of AMCO's motion, which subsumed the issues raised in Morello's 12 motion, and against Morello's. His counsel argued at length and had the last word. He was 13 certainly heard by the court. But at the end of the day, I did not agree with his argument. And he 14 has given me no reason to reconsider it.

## CONCLUSION

For the reasons stated, Morello's motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: July 8, 2014



WILLIAM H. ORRICK
United States District Judge

6