UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MORELLO,<br><br>Plaintiff,<br><br>v.<br><br>AMCO INSURANCE COMPANY,<br><br>Defendant. | Case No. 11-cv-06623-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO RE-TAX COSTS**<br><br>Re: Dkt. No. 139 |

## INTRODUCTION

Plaintiff George Morello appeals from the clerk's taxation of costs on the grounds that the clerk allowed defendant AMCO to recover costs associated with depositions that were not necessary to the case. Morello's motion is GRANTED IN PART and DENIED IN PART. The depositions at issue were related to Morello's underlying claim for insurance bad faith and the costs associated with those depositions are recoverable. However, AMCO noticed and served subpoenas for two depositions which were apparently not necessary. The costs associated with those two depositions are not recoverable. $339.85 in costs are STRUCK from the costs taxed by the clerk.

## DISCUSSION

Morello, who is quadriplegic, was hit by a drunk driver while crossing a street in his wheelchair. He filed an underinsured motorist claim with his insurance company, AMCO, and subsequently filed this action alleging that AMCO handled Morello's claim in bad faith because it unreasonably determined that any future medical care he required was due to his pre-existing quadriplegia, rather than the accident. I granted AMCO's motion for summary judgment on May 29, 2014. Dkt. No. 129.

AMCO filed a bill of costs on June 9, 2014. Dkt. No. 131. On June 26, 2014, the clerk taxed costs in the amount of $23,074.97.[1] Dkt. No. 136. Morello now moves to stay the bill of costs while his appeal of the summary judgment is pending. In the event that I do not stay the bill of costs, Morello moves to strike $7,776.52 from the bill of costs for costs related to depositions which Morello claims were not necessary.

## I. MORELLO'S APPEAL OF THE SUMMARY JUDGMENT ORDER IS NOT GROUNDS TO STAY THE BILL OF COSTS

Morello argues that the bill of costs is premature because he is appealing the underlying order granting AMCO summary judgment.[2] In support, Morello cites Federal Rule of Appellate Procedure 39(a)(1)(2)(3)(4) which provides that costs are allowed once an appeal is resolved.

Morello's argument is misplaced. FRAP 39 governs costs on appeal; it has no bearing on costs taxed by the district court. Courts routinely tax costs incurred at the district court level while appeals are pending. *See, e.g., Henderson v. Alexander & Baldwin, Inc.*, 2008 WL 2588712, *3 (D. Haw. June 30, 2008) ("The Court finds that an award of attorneys' fees and the taxation of costs would not be premature [while the appeal is pending]"). Morello's motion to stay the bill of costs is DENIED.

## II. AMCO WAS PROPERLY AWARDED COSTS RELATED TO DEPOSITIONS OF MORELLO'S MEDICAL PROVIDERS

Federal Rule of Civil Procedure 54(d)(1) provides, in relevant part, that "costs—other than attorney's fees—should be allowed to the prevailing party." Morello moves to strike $7,776.52 from the bill of costs for transcripts, service, and witness fees for nine noticed depositions, some of which were taken off calendar by AMCO. For the reasons stated below, Morello's motion is GRANTED IN PART and DENIED IN PART.[3]

---

[1] The clerk disallowed $1,812.70 in costs as excluded by Civil Local Rule 54-3(d)(3). Dkt. No. 136.

[2] Morello also argues that the order is premature because he moved for reconsideration. That argument is moot because I have denied his motion for reconsideration. Dkt. No. 140.

[3] I reject Morello's argument that AMCO did not provide the required declaration stating that the claimed costs were necessary. The form Bill of Costs submitted by AMCO (Form AO 133) itself contains the requisite declaration and is signed by AMCO attorney Allen Cohen. *See* Dkt. No. 131 at 1.

### A. Deposition transcripts

Morello seeks to strike $5,329.00 in costs for transcripts from the depositions of Doctors Aftonomos, Hong, Waters, Rosenberg, Passeri, and Mr. David Marino.[4] Dkt. No. 139 at 8. Morello argues that these depositions were not necessary because (i) Morello's claims were based on AMCO's alleged bad faith investigation of his insurance claim, not the diagnosis and treatment of Morello and his injuries and (ii) none of the testimony from those depositions was used in AMCO's motion for summary judgment or its opposition to Morello's motion for summary judgment.

I disagree. Local Civil Rule 54-3(c)(1) provides that "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable." Doctors Aftonomos, Hong, Waters, Rosenberg, and Passeri treated Morello while Morello's underinsured motorist claim was pending. Dkt. No. 143 at 8, Cohen Decl. ¶ 2. Mr. Marino provided in-home health care assistance to Morello before and after Morello was hit by the drunk driver. *Id*. Morello's medical condition, both before and after the accident, was unquestionably relevant to AMCO's handling of Morello's underinsured motorist claim, particularly given that AMCO rejected Morello's claim on the grounds that any future medical care which Morello required was due to his pre-existing quadriplegia, rather than the accident. Those depositions were accordingly taken "in connection with" Morello's bad faith complaint against AMCO. Local Civil Rule 54-3(c)(1).

The fact that the depositions were not ultimately used in the summary judgment briefing has no bearing on the allowability of the costs. *See, e.g., Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001), as amended (Sept. 25, 2001) (district court can tax depositions costs even where the depositions were not used at trial); *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995) ("A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the

---

[4] Spelled "Moreno" by AMCO.

3

time of trial or summary disposition.").

Morello's motion to strike $5,329.00 from the bill of costs for costs for transcripts from the depositions of Doctors Aftonomos, Hong, Waters, Rosenberg, Passeri, and Mr. Marino is DENIED.

**B. Service of deposition subpoenas**

Morello seeks to strike $1,888.45 from the bill of costs for fees for service of subpoenas for 10 depositions. Dkt. No. 139 at 8. The 10 depositions include the six depositions discussed above. For the reasons stated, costs associated with those depositions are properly recoverable. The four other depositions are: a second deposition of Dr. Rosenberg and depositions of Dr. Young, Kenneth Simoncini, and Paul J. McDonald. Dkt. No. 139 at 8.

Morello states that the deposition of Dr. Rosenberg was set twice by AMCO because AMCO took the deposition off calendar and then re-set it. Dkt. No. 139 at 7. AMCO does not dispute this contention. Morello should not be required to pay for AMCO's decision to take a deposition off-calendar and then re-notice it. $199.15 in service fees for the second deposition of Dr. Rosenberg are STRUCK from the bill of costs.

AMCO also elected to take the deposition of Dr. Young off calendar. AMCO does not state why it did so or why at some point it believed that Dr. Young's deposition was necessary. Morello should not be required to pay for AMCO's decision to serve subpoena for a deposition it apparently did not need. $199.85 in service fees for the deposition of Dr. Young are STRUCK from the bill of costs.

Mr. Simoncini was Morello's attorney when Morello filed his claim with AMCO and was directly involved in many of the communications between Morello and AMCO. He was therefore a witness to Morello's bad faith allegations. AMCO states that it decided not to depose Mr. Simoncini after he agreed that he would not testify at trial. Cohen Decl. ¶ 4. AMCO's service fees related to Mr. Simoncini are therefore properly recoverable and Morello's motion to strike service fees for Mr. Simoncini's deposition is DENIED.

Morello seeks to strike $35.00 for service fees for the deposition of Paul McDonald, but

Morello does not state why these fees should be disallowed.[5]  Morello's motion to strike service fees for Mr. McDonald deposition is DENIED.

### C. Deposition witness fees

Morello seeks to strike $559.07 in witness fees from the bill of costs.  Dkt. No. 139 at 8-9.  The witnesses are the same witnesses discussed above regarding fees for deposition subpoenas.  As discussed, Morello should not be responsible for AMCO's decision to schedule depositions which it apparently did not need.  The witness fees for Dr. Rosenberg's second deposition and for Dr. Young, totaling $105.00, are STRUCK.  The remaining witness fees are allowed.

## CONCLUSION

Morello's motion to re-tax costs is GRANTED IN PART and DENIED IN PART.  $339.85 in costs are STRUCK from the costs taxed by the clerk.

**IT IS SO ORDERED**.

Dated: October 6, 2014

WILLIAM H. ORRICK
United States District Judge

---

[5] I note that Morello does not contest the $850 in costs claimed by AMCO for the transcript of the deposition of McDonald.  *See* Dkt. No. 131-1 at 32.  If costs for the transcript of deposition itself are not objectionable, it is not clear to me why service fees for the same deposition are objectionable.